```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**HENRY CLAY JENKINS,**

    Petitioner

v.                              Civil Action No.: 2:16-cv-06789

**DAVID BALLARD**, Warden,
Mount Olive Correctional Complex,

    Respondent

### MEMORANDUM OPINION AND ORDER

Pending before the court are the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on July 28, 2016 and the motions for summary judgment filed by the parties.

This action was previously referred to Cheryl A. Eifert, United States Magistrate Judge, who, on May 2, 2017, submitted her Proposed Findings and Recommendations ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert recommends that the court deny petitioner's motion for summary judgment and renewed motion for summary judgment, grant respondent's motion for summary judgment, deny the petition for habeas corpus, and dismiss the case from the docket of the court.

On May 18, 2017, petitioner filed his objections to the PF&R ("Objections," ECF No. 37), which largely restate the arguments Magistrate Judge Eifert had thoroughly addressed. Nonetheless, the court considers them in turn below.

Considering that the claims petitioner raises were adjudicated on the merits in the state courts, the pertinent provision of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") (1996) states,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> 28 U.S.C. § 2254(d).

First, petitioner challenges the causation standard, arguing that the U.S. Supreme Court's decision in <u>Burrage v. United States</u>, 134 S. Ct. 881 (2014), interpreting the federal Controlled Substances Act, should control the causation standard under the West Virginia felony murder statute. Petitioner argues that the two statutes are closely similar in support of his claim. He argues further that the <u>Burrage</u> result, requiring

but-for causation, comports with the ordinary meaning of the statutory text, which he claims West Virginia courts failed to apply in his case. As Magistrate Judge Eifert noted, the U.S. Supreme Court's interpretation of a federal statute is not binding on state courts interpreting a similar state statute. PF&R, at 36. Accordingly, petitioner's argument does not state a colorable cause of action under 28 U.S.C. § 2254 since petitioner does not argue any violation or misapplication of federal law.

Second, petitioner again argues that evidence was insufficient to convict him of felony murder, and integrates some of his causation argument. He argues that West Virginia's causation standard for felony murder, along with the available evidence, resulted in a conviction in "violation of the founding principles of due process." Objections, at 8. For reasons thoroughly discussed in the PF&R, at 38-39, his argument on sufficiency of evidence lacks merit. As the trier of fact, the jury evaluated the evidence in the first instance in reaching its conviction verdict. State courts then found the evidence sufficient to support the conviction, and the court agrees with the PF&R that, in view of their decision, petitioner is unable on that ground to satisfy the 28 U.S.C. § 2254(d) criteria for relief. In particular, petitioner does not explain what he means by requiring 100 percent proof of (presumably but-for)

3

causation and why such proof is, in his view, a predicate for observing the requirements of due process under the Fourth and Fourteenth Amendments.  Objections, at 8.  The United States Supreme Court has stated that "the relevant question [in a habeas review of the sufficiency of evidence] is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  The court agrees with the PF&R that the question is readily answered in the affirmative.

Third, petitioner again argues ineffective assistance of counsel on several grounds.  As Magistrate Judge Eifert pointed out, the doctrine and the AEDPA compel a highly deferential standard of review of state court adjudications of ineffective assistance claims.  It is noteworthy that the trial court (the Circuit Court of Fayette County) reviewed these claims in detail when it denied petitioner's state habeas petition, a denial subsequently affirmed by the West Virginia Supreme Court of Appeals in a summary fashion.

In general, deciding claims of ineffective assistance of counsel under federal law involves the application of a two-prong test articulated in Strickland v. Washington: (1) whether

counsel's performance was deficient, and, if the first prong is met, (2) whether such deficient performance caused the defendant prejudice. 466 U.S. 668, 687 (1984). The relevant standard is an objective standard of reasonableness, id. at 688, and reviewing courts must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time," id. at 689.

The first ineffective assistance claim states that his trial counsel admitted in his opening statement that there was proof of delivery of oxycodone by the petitioner to the young victim who died from its ingestion. In making this claim, the petitioner seizes upon a comment, underlined below, that was made by his counsel in his opening statement that, the petitioner says, conceded an element of the offense. When that statement is viewed in the context of counsel's further remarks, it becomes plain that no such concession was made. His counsel's statement, in pertinent part, follows:

> Now, on the night in question, the evidence is going to be that Henry Jenkins and [C.C.J., the victim] — and there are a number of other people in the trailer, and a couple of them went over to the house of Mr. Josh Settle. And [the Prosecutor] told you about Mr. Settle. And they went to Mr. Settle's house, and they purchased three pills.

\* \* \*

5

> They got three pills from Josh Settle.  Now, as [the Prosecutor] said, what the State needs to prove here today to prove felony murder is that there was a delivery of a drug, a giving, a transfer of this drug to this young man so this young man had access to it.
>
> <u>Well, there is proof of that</u>.  Josh Settle took a Drug with [C.C.J.] in the room, knowing it would be there in his presence, and handed that drug over to Henry Jenkins.  Is Josh Settle guilty?  No.  The evidence is going to be Josh Settle has cut a deal, and he's got what we call immunity.  He's not going to be charged with nothing.
>
> Now there's a deal.  There's a transfer.  But Josh Settle? No. No. No. There's nothing there.  We're not going to do anything with Josh.  You'll hear him testify today and he'll walk out of here.
>
> * * *
>
> Now, there were a number of people in the trailer that evening, and you're going to get to hear evidence and testimony from everyone who was there.
>
> * * *
>
> But you all have taken an oath to follow the law.  And the law is that the State has to prove there was a transfer.  And the evidence from every single witness who was there that night is going to be, "I did not see Henry Jenkins give [C.C.J.] any drugs on the evening of November the 14th or the early morning hours of November 15th."  That's the evidence that you're going to hear.

As the magistrate judge aptly noted, "the state circuit court observed that a fair reading of trial counsel's statements in context suggests that trial counsel's strategy was to minimize the effectiveness of strong negative evidence by

6

conceding in opening that someone delivered drugs to C.C.J., and arguing that it was not Petitioner."

As does the magistrate judge, the court agrees with the state court, and the supreme court justices who reviewed the decision, that it was a reasonable strategy for trial counsel to try to minimize the negative effect of the delivery evidence by bringing it up during opening statement and trying to direct culpability away from Petitioner and onto Mr. Settle or others. In the related context of closing arguments, the Supreme Court has noted, "Judicial review of a defense attorney's summation is therefore highly deferential and doubly deferential when it is conducted through the lens of federal habeas." Yarborough v. Gentry, 540 U.S. 1, 6 (2003). The state courts' finding that the admission did not give rise to an ineffective assistance claim under Strickland is not unreasonable. The court overrules petitioner's objection on this ground.

The second ineffective assistance ground is failure to call or disclose any expert witnesses. Petitioner argues that the failure did not follow an investigation and is therefore not entitled to a presumption of its strategic nature. Yet, as the magistrate judge discusses, at 55-56, counsel undertook an investigation and made a strategic decision. The court agrees that counsel had undertaken an adequate investigation before

deciding — for better or worse — not to retain expert witnesses. Because counsel's conduct does not meet the unreasonableness prong of <u>Strickland</u>, petitioner's request to presume prejudice is unavailing. Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," <u>Strickland</u>, 466 U.S. at 690. Accordingly, the court agrees with the PF&R that petitioner cannot obtain habeas relief on this ground, for reasons laid out therein.

The third ineffective assistance claim alleges that the counsel failed to object to prejudicial remarks by the prosecutor. Once again, petitioner reprises claims he already brought and maintains that Magistrate Judge Eifert's proposed resolution of his failure to object ground "trivializes the prejudicial effect on Petitioner's rights" such as the right to remain silent, the right to confront your accuser, and the sufficiency of evidence to convict. Objections, at 13. As the magistrate judge correctly found, the alleged disparaging references by the prosecutor to petitioner's choice not to testify in his own defense in fact "did not allude to Petitioner's decision not to testify." PF&R, at 53. See also PF&R at 71—72.

In the context of the right to confront his accuser

and the sufficiency of evidence, petitioner presumably refers to his argument that his trial counsel mistakenly did not object to the prosecutor's statement, "I would not have brought the case to the Grand Jury on the testimony of Holly Burdette..." As the PF&R notes, that statement "was not improper or prejudicial." PF&R, at 54. Finally, as the magistrate judge explained, the prosecutor's remark about a "higher standard" for a special needs child, viewed in context, did not refer to any different legal standard for proving the offenses for which petitioner was on trial. PF&R, at 54-55.

The final objection petitioner brings has to do with prosecutorial misconduct. It consists of some conclusory statements and some restatements of ineffective assistance claims and was addressed well in the PF&R, as were the other objections.

For the foregoing reasons, the court overrules the objections and ORDERS that:

1. The findings made in the Proposed Findings and Recommendations of the magistrate judge be, and they hereby are, adopted by the court;

2. The petitioner's motion for summary judgment and petitioner's renewed motion for summary judgment be, and they hereby are, denied;

3. The respondent's motion for summary judgment be, and it hereby is, granted;

4. The petitioner's petition for a writ of habeas corpus by a person in state custody be, and it hereby is, denied; and

5. This action be, and it hereby is, dismissed with prejudice and removed from the docket of the court.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record, any unrepresented parties, and Magistrate Judge Cheryl A. Eifert.

DATED: September 25, 2017

John T. Copenhaver, Jr.
United States District Judge